IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00902-SKC-MDB

AEMITA RAMSEY,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 23)**

---

This case arises from a three-car accident that occurred on October 15, 2022, in which Plaintiff's vehicle was the second in line to be struck from behind through no fault of her own. Plaintiff subsequently made a claim for underinsured motorist (UIM) benefits with her insurance carrier, Defendant State Farm, for her claimed losses arising from the accident. In this lawsuit, Plaintiff brings two claims for relief: (1) first-party statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and -1116; and (2) breach of contract. Plaintiff's primary claimed injury is a collapsed lung, also known as a pneumothorax, which she alleges the accident caused.

The Court has jurisdiction under 28 U.S.C. § 1332(a). Defendant has moved for summary judgment only on Plaintiff's claim alleging statutory bad faith. The Motion

1

is fully briefed. Dkts. 23 (Motion), 27 (Response), 28 (Reply). The Court has carefully considered the Motion and the related briefing and exhibits, and applicable legal authority. No hearing is necessary. The Motion is respectfully granted for the reasons explained below.

## UNDISPUTED MATERIAL FACTS

Plaintiff does not dispute a single fact from Defendant's Statement of Undisputed Material Facts. Dkt. 28-1. Nor did she submit a counterstatement of disputed material facts. *See generally* Dkt. 27; *see also* Dkt. 28-1. Regardless, the Court has independently evaluated Defendant's statement of undisputed material facts to satisfy itself that the record justifies summary judgment in Defendant's favor. It does. The following facts are undisputed:

Plaintiff was involved in a motor-vehicle accident on October 15, 2022. Dkt. 28-1, ¶1. Two other non-party drivers were also involved: Travon Phillips and the tortfeasor, Eleazor Batista Tapia. *Id.* at ¶3. The tortfeasor was insured by an automobile liability policy issued by The General with bodily-injury liability limits of $25,000 per person / $50,000 per accident. *Id.* at ¶4. At the time of the accident, Plaintiff was insured under an automobile insurance policy issued by Defendant, Policy Number 503 5575-A04-06B, which included UIM coverage with limits of $250,000.00 per person, subject to the terms, limitations, conditions, and duties of the policy. *Id.* at ¶5. Plaintiff's primary claimed injury was a collapsed lung. *Id.* at ¶6.

In November 2022, Defendant communicated with Plaintiff's auto-accident counsel. *Id.* at ¶¶7-9. In December 2022, Defendant provided its written consent to Plaintiff to settle with the tortfeasor's insurer for the $25,000.00 policy limits. *Id.* at ¶¶10, 18. It also responded to her UIM demand of $95,441.73 in past medical bills by explaining it needed additional information "to understand the nature of [Plaintiff]'s injuries and continue evaluating her claim." *Id.* at ¶¶11, 13. Defendant specifically noted "[t]here is documentation in the medical records that [Plaintiff] had preexisting/underlying pulmonary and cardiac conditions prior to the collision, including left pneumothorax two months prior to this collision." *Id.* at ¶13. Defendant also requested full and complete medical bills and records. *Id.*

From January through May 2023, Defendant engaged in different activities to collect records and other information regarding Plaintiff's claimed injuries and prior related medical conditions. *Id.* at ¶¶14-18. On May 23, 2023, Defendant's retained biomechanical expert, Wade Baker, M.S., ACTAR, issued his report. *Id.* at ¶19. Mr. Baker's report states that "No lung injuries were documented in rear-end collisions below a 14 mph delta-v, which is substantially greater than the subject collision maximum 4 mph delta-v." *Id.* at ¶20. He also concluded that "there have been no documented pneumothorax, hemothorax, or hemopneumothorax in rear-end crashes with a delta-v below 14 mph which is substantially greater than the subject collision maximum 4 mph delta-v." *Id.* at ¶21.

3

On July 31, 2023, Defendant sent Plaintiff's counsel a letter confirming receipt of imaging from Evans Community Hospital and advising that the imaging was being sent to Defendant's retained expert, Dr. Schwartz. *Id.* at ¶22. Dr. Schwartz then issued an IME report dated August 14, 2023. *Id.* at ¶23. He concluded that Plaintiff had a preexisting pneumothorax and that she "suffered no lung injury as a result of her 10/15/2022 MVC, and her subsequent treatment with a chest tube and hospitalization on 10/15/2022 was not related to her minor MVC." *Id.* at ¶24.

From August through September, Defendant and Plaintiff's counsel communicated over Defendant's evaluation of the claim, including its position that the pulmonary and cardiac treatment Plaintiff received were unrelated to the accident. *Id.* at ¶¶25-27. On October 11, 2023, Defendant offered Plaintiff $46,888.19 to resolve the UIM claim and stated there was a TRICARE lien that would need to be resolved before any *Fisher* or settlement payment was made. *Id.* at ¶¶28-30; *See Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985 (Colo. App. 2015), *aff'd*, 418 P.3d 501 (Colo. 2018). On January 18, 2024, Plaintiff rejected the settlement offer. *Id.* at ¶32. She filed her complaint in this matter on March 4, 2024. After receiving confirmation in May 2024 that the TRICARE lien was satisfied, Defendant issued a *Fisher* payment to Plaintiff on May 8, 2024, in the amount of $44,388.19. *Id.* at ¶¶34-35.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to assess whether a trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the "responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, then the nonmoving party must identify material facts showing there is a genuine dispute for trial. *Id.* at 324. In performing this analysis, the factual record and any reasonable inferences from it are construed in the light most favorable to the nonmoving party. *Adams v. Am. Guarantee & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

## ANALYSIS AND FINDINGS

As indicated above, the undisputed material facts are uncontroverted. And the Court has satisfied itself that these facts and the summary judgment record entitle Defendant to judgment as a matter of law.

To prevail on her claim for violation of Colo. Rev. Stat. §§ 10-3-1115, -1116, Plaintiff must prove that Defendant delayed or denied benefits without a reasonable basis. *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 848 (Colo. 2018); Colo. Rev. Stat. § 10-3-1115(2). Under Colorado law, while reasonableness is usually an issue for the

5

jury, "in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 497 (Colo. App. 2011) (citing *Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo. App. 2008); *cf. Cont'l Cas. Co. v. Hempel*, 4 F. App'x 703, 719 (10th Cir. 2001) ("[C]ourts have found . . . unreasonableness as a matter of law when the evidence in the record indicated that a factfinder could reach no other conclusion.").

"In determining whether an insurer acted reasonably . . . courts must consider, among other things, whether a reasonable person would find that the insurer's justification for delaying or denying payment was 'fairly debatable.'" *Fear v. GEICO Cas. Co.*, 560 P.3d 974, 981 (Colo. 2024) (citing *Schultz*, 429 P.3d at 848). While "fair debatability is not a threshold inquiry that is outcome determinative as a matter of law," a finding that a claim was "fairly debatable" "weighs against a finding that the insurer acted unreasonably." *Sanderson v. Am. Family* Mut. Ins. Co, 251 P.3d 1213, 1217, 1218 (Colo. App. 2010).

Here, Plaintiff has proffered no evidence to allow a reasonable jury to find that Defendant acted unreasonably or that it delayed or denied her claim without a reasonable basis. The undisputed material facts show that Defendant had genuine questions over causation for Plaintiff's claimed injuries. And it retained two qualified experts who each confirmed that the pneumothorax that was identified in the emergency department was unlikely to have been caused by the accident, and instead

6

pre-existed the accident, thus raising a fair debate over the reasonableness of Defendant's claims handling conduct. *See Avalon Condo. Ass'n, Inc v. Secura Ins.*, No. 14-CV-00200-CMA-KMT, 2015 WL 5655528, at *6 (D. Colo. Sept. 25, 2015) (not unreasonable for insured to rely on an expert's findings). Moreover, the uncontroverted record shows that Defendant sought and promptly reviewed information, including expert evaluations, regarding Plaintiff's claim. And it promptly issued Plaintiff a *Fisher* payment once it confirmed the TRICARE lien was satisfied. Finally, the record shows Defendant's position was also grounded in the language of the insurance policy. *See* Dkt. 28-1, ¶¶36-37; Dkt. 23, p.23 (quoting policy provisions and arguing the insurance contract provides that, in the course of handling a UIM claim, "the parties are to first attempt to reach an agreement, and that if the parties are unable to reach an agreement, then the insured . . . is to file suit against [Defendant] to determine the value of her claim. Failure to reach an agreement, a mere value dispute, does not give rise to the extracontractual claim that Plaintiff asserts here.").

On these facts, no reasonable jury could conclude that Defendant delayed or denied payment of Plaintiff's UIM claim without a reasonable basis. The Court agrees with Defendant that this case merely presents a triable issue over the value of Plaintiff's UIM claim. *See Lawson v. Safeco Ins. Co. of Am.*, No. 21-CV-01408-DDD-SBP, 2023 WL 9468323, at *3 (D. Colo. Dec. 8, 2023) (granting summary judgment to insured where parties disputed value of certain repairs and finding insured's failure

7

to pay that portion of the claim did not support a bad faith claim); *see also Bonbeck Parker, LLC v. Travelers Indem. Co. of Am.*, 611 F. Supp. 3d 1115, 1132 (D. Colo. 2020) (allowing breach of contract claim to proceed while dismissing bad-faith claim due to insured's failure to bring forth sufficient evidence to raise triable fact).

To be sure, in her Response to the Motion, Plaintiff doesn't even argue Defendant's conduct was unreasonable, that it acted without a reasonable basis, or that its justification for its alleged delay or denial was not fairly debatable. *See generally* Dkt. 27. In her six-page Response, she instead argues only that there are questions of fact regarding causation of Plaintiff's pneumothorax or her worsened condition.[1] *Id.* at pp.4 ("These opinions of Dr. Rook create questions of fact relating to the cause of Plaintiff's worsened pneumothorax, increased symptoms and need for medical care."), ("The question of whether Plaintiff's pneumothorax was exacerbated to the point where it became symptomatic and medical care was required to treat these symptoms is clearly a question of fact based upon the opinions of the respective expert witnesses."); ("[T]he onset of symptoms occurring immediately after the subject collision also creates a question of fact of the relationship between the significant worsening of the pneumothorax and the subject collision."). These arguments highlight two things: (1) the lack of any genuine dispute of material fact

---

[1] Plaintiff also made a brief argument that finding a claim was "fairly debatable" is an insufficient basis alone to grant summary judgment, citing *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256 (10th Cir. 2016).

8

over the reasonableness of Defendant's claims-handling conduct; and (2) the mere dispute over the value of Plaintiff's claim.

*   *   *

For the reasons shared above, the Motion is GRANTED. The undisputed material facts establish the absence of a genuine issue of material fact and that Defendant is entitled judgment as a matter of law on Plaintiff's first claim for relief under Colo. Rev. Stat. §§ 10-3-1115 and -1116.

It is ORDERED that the Clerk of Court shall enter judgment in Defendant's favor and against Plaintiff on Plaintiff's first claim for relief.

It is FURTHER ORDERED a Final Pretrial Conference is set for October 21, 2025, at 10:00 a.m. in Courtroom C201 before U.S. District Judge S. Kato Crews. No later than October 14, 2025, the parties shall file a proposed final pretrial order. A WORD version of the proposed final pretrial order should also be emailed to crews_chambers@cod.uscourts.gov. The Parties shall adhere to this Court's Standing Order for Civil Cases when preparing the proposed final pretrial order. The Parties should also be prepared to set a trial date within one to two months from the date of this conference. Lead counsel who will try the case must be in attendance.

DATED: September 30, 2025.

BY THE COURT:

_____
S. Kato Crews
United States District Judge